# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30937
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2016

Lyle W. Cayce
Clerk

EARL JOHNSON,

Plaintiff - Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-543

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Earl Johnson, Louisiana prisoner # 294324, proceeding *pro se*, challenges the district court's dismissal, as time barred, of his initial 28 U.S.C. § 2254 application in another proceeding, case number 2:12-CV-974. Johnson was convicted in state court of first-degree murder and sentenced to life imprisonment. He commenced this second federal-court proceeding with a

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

document entitled "writ of mandamus"; the court determined he did not present a claim for mandamus relief.

On appeal, Johnson renews his claims the prosecution suppressed favorable impeachment evidence, asserting the initial police report contained a statement from a witness who stated Johnson was playing spades at the time of the crime.  He maintains this evidence presents a convincing claim of innocence to exempt him from the time-limitations period of 28 U.S.C. § 2244(d) (imposing one-year limitation for application for writ of habeas corpus for person in custody pursuant to state-court judgment).  Johnson further asserts:  trial counsel was ineffective for failing to investigate alibi witnesses, and he was arrested without a warrant.

Johnson does not claim he was entitled to mandamus relief under 28 U.S.C. § 1651, or challenge the court's declining to construe the "writ of mandamus" as a Rule 60(b) motion in his habeas proceedings.  Accordingly, he has abandoned these issues on appeal.  Fed. R. Civ. P. 60(b); *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Therefore, he does not show the court erred in denying his writ of mandamus.

AFFIRMED.